# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANNY PROPHET, | CASE NO. 1:09-cv-00396-GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| WARDEN KEN CLARK, et al., | (Doc. 7) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Joseph Danny Clark, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 3, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

On July 28, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. Plaintiff filed an amended complaint on August 17, 2009.

**II.     Claim for Denial of Access to the Courts**

Plaintiff, who is housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran, brings this action against Warden Ken Clark, Sergeant R. Bear, and Correctional Officer C. Barberia. In his original complaint, Plaintiff alleged a claim for the violation of his right of access to the courts under the United States Constitution. The Court found that Plaintiff's allegations did not support a cognizable claim for relief, provided Plaintiff with the applicable legal standard, and directed Plaintiff to file an amended complaint curing the deficiencies in his claim.

In his amended complaint, Plaintiff alleges that Defendant Clark signed a memorandum that disallowed sufficient time to conduct effective research. Defendant Bear is in charge of facility movement, and any restriction on movement is directed by him. In addition, he is aware of complaints against staff. Finally, Plaintiff alleges that Defendant Barberia is in charge of movement in and out of the library, and has taken a personal interest in Plaintiff's many court deadlines.

As Plaintiff was previously notified, inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court, id., and an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury, id. at 351.

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955,

1964-65 (2007)).  Each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  <u>Iqbal</u> at 1948-49.

Plaintiff's allegations do not support his claim that Defendants violated his constitutional rights by denying him access to the courts.  Plaintiff has not alleged the existence of any actual injury to a qualifying court case as a result of Defendants' actions or omissions, and his claim fails as a matter of law.

**III.   Conclusion and Order**

Plaintiff's amended complaint fails to state a claim for denial of access to the courts or any other claim under section1983.  Plaintiff was previously granted leave to file an amended complaint curing the deficiencies in his claim, but was unable to do so.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and this dismissal SHALL count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **August 19, 2009**                          /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE